UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| JONATHAN BAILEY, individually and on behalf of others similarly situated | * * * | CIVIL ACTION NO.:_____ |
| VERSUS | * * | JURY TRIAL REQUESTED |
| TRI-COUNTY CONSTRUCTION, LLC | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FLSA COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Jonathan Bailey, individually and on behalf of all other similarly situated current and former hourly employees of Defendant, brings this collective and class action against Defendant, Tri-County Construction, LLC, and alleges as follows:

### I.   JURISDICTION

1.     Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs pursuant to §216(b) of the FLSA. This Court has jurisdiction under 28 U.S.C. §1331.

2.     Plaintiff also brings claims for violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. Ann. §§95-25.1, *et seq.*, to recover unpaid overtime under §95-25.4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) for these state law claims because they arise out of the same nucleus of operative facts as the FLSA claims.

### II.   PARTIES

3.     Plaintiff, Jonathan Bailey, is a major individual domiciled in the City of Bakersville, State of North Carolina. At all relevant times, Plaintiff worked for Defendant as a construction worker and was paid on an hourly basis.

4.     Plaintiff has consented to filing the instant action. (Exhibit "A").

1

5. Defendant, Tri-County Construction, LLC, is a North Carolina limited liability company with its principal place located at 67 Brightwater Drive, Hendersonville, North Carolina.

### III. VENUE

6. Venue is proper in this District as Defendant conducts business and is domiciled in the Western District and a substantial part of the events giving rise to the claims sued upon herein occurred in this District.

### IV. FACTS

7. Defendant provides general construction services within the Western District of North Carolina.

8. Plaintiff and the collective and class members were/are employed by Defendant to perform construction work and were all paid by the hour.

9. Plaintiff was employed by Defendant to perform construction work from approximately August, 2021 to the present. Plaintiff was initially paid $14.50 per hour and was given a raise to $15.50 per hour. Plaintiff was always paid on an hourly basis.

10. Plaintiff's hours varied from week to week during his employment with Defendant, but he regularly worked more than forty (40) hours in a workweek.

11. For example, during the workweek ending August 16, 2021, Plaintiff worked approximately 55.8 hours and was paid straight time wages for all hours worked. Plaintiff was not paid an overtime premium for the 14.8 hours he worked over forty (40) in that workweek.

12. Likewise, for the workweek ending August 13, 2021, Plaintiff worked approximately 56.3 hours and was paid straight time wages for all hours worked. Plaintiff was not paid an overtime premium for the 16.3 hours worked over forty (40) in that workweek.

13. Plaintiff has knowledge that the collective and class members were also regularly scheduled to and did work more than forty (40) hours in a workweek and were not paid overtime.

2

14.     Defendant misclassified its hourly workers as exempt from overtime in violation of the FLSA and NCWHA and did not pay them overtime as required.

15.     Plaintiff complained to Defendant about its failure to pay overtime but was told that Defendant does not pay overtime.

16.     To evade its overtime obligation when employees worked over forty (40) hours in a workweek, Defendant issued two checks to Plaintiff and the FLSA Collective and NCWHA Class.  One check represented forty (40) hours worked, from which taxes were deducted.  The second check, which was sometimes issued from a non-business personal account, represented straight time for overtime and no taxes were withheld from these payments.

17.     Plaintiff is aware of other current and former employees of Defendant who were subject to these same payroll practice.

## V.      COLLECTIVE AND CLASS ACTION DEFINITIONS

18.     The FLSA Collective of similarly situated employees sought to be conditionally certified pursuant to 29 U.S.C. § 216(b) as a collective action is defined as:

> All persons employed Tri-County Construction, LLC, who were or are paid on an hourly basis and who were paid straight time for overtime within the last three (3) years.

19.     The Class of similarly situated employees sought to be certified pursuant to Rule 23 for N.C. Gen. Stat. Ann. §§ 95-25.1, *et seq.* claims (the "NCWHA Class") is defined as:

> All persons employed by Tri-County Construction, LLC, who were or are paid on an hourly basis and who were paid straight time for overtime within the last two (2) years.

## VI.     COVERAGE UNDER THE FLSA AND NCWHA

20.     At all relevant times, Defendant is and has been an employer within the meaning of 29 U.S.C. §203(d).

3

21.     At all relevant times, Defendant is and has been an enterprise within the meaning of 29 U.S.C. §203(r).

22.     At all relevant times, Defendant and its employees used computers, ordered supplies, used cell phones, sent and received business related mail and received and used goods produced and shipped in interstate commerce and thus, have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

23.     Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

24.     At all times hereinafter mentioned, Plaintiff and all those similarly situated were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

25.     At all times hereinafter mentioned, Defendant is and has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §95-25.2(5).

26.     At all times hereinafter mentioned, Plaintiff and NCWHA Class members are/were employees withing the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §95-25.2(5).

## VII.     VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME COMPENSATION

27.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

28.     Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

4

29.     Plaintiff and the FLSA Collective perform no job duties that qualify for any FLSA overtime exemption and are not exempt from the overtime requirements of the FLSA.

30.     Plaintiff and the FLSA Collective members were not compensated in accordance with the FLSA because they were paid on an hourly basis and were not paid overtime for all hours worked over forty (40) in a workweek.

31.     Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective overtime compensation for all hours worked over forty (40) in workweek.

32.     Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of not paying overtime as Defendant either refused to investigate whether its payroll practice was legal or failed to follow the recommendations of consultants who advised that Defendant's payroll practice was not legal.

## VIII.   VIOLATION OF THE NORTH CAROLINA WAGE AND HOUR ACT FOR FAILURE TO PAY OVERTIME WAGES
### (NCWHA Class)

33.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

34.     Defendant failed to pay earned wages in violation of N.C. Gen. Stat. Ann. § 95-25.6.

35.     Specifically, Defendant failed to pay Plaintiff and the NCWHA Class members overtime wages for all hours worked over forty (40) in a workweek.

36.     In the event the FLSA does not apply, and/or as an alternative thereto, Plaintiff, individually and on behalf of the NCWHA Class members, seeks payment of overtime wages.

37.     The NCWHA requires employers to pay non-exempt employees one and a half times the regular rate of pay for all hours worked over forty (40) hours in a workweek. N.C. Gen. Stat. Ann. § 95-25.4.

5

38.     Defendant suffered and permitted Plaintiff and the NCWHA Class to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the NCWHA, N.C. Gen. Stat. Ann. § 95-25, *et seq*., and its implementing regulations.

39.     Defendant knew, or showed reckless disregard for the fact that it failed to pay these individuals proper overtime compensation in violation of the NCWHA.

40.     Defendant's failure to comply with the NCWHA caused Plaintiff and the NCWHA Class to suffer loss of wages and interest thereon.

41.     Plaintiff and the NCWHA Class are entitled to all unpaid overtime wages in the event the FLSA does not apply, liquidated damages, interest, and attorneys' fees and costs under the NCWHA.

## IX.     COLLECTIVE ALLEGATIONS

42.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

43.     Plaintiff files this action individually and on behalf of FLSA Collective, as defined above.

44.     Defendant's practice and policy of not paying overtime to its hourly workers affects Plaintiff and the FLSA Collective members similarly and is a willful violation of the FLSA.

45.     The FLSA Collective members are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

46.     Defendant's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff is similarly situated to the FLSA Collective.

6

47.     The specific job titles or precise job requirements of the FLSA Collective members do not prevent collective treatment under the FLSA. All similarly situated employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at their overtime rate. Although the issue of damages may be individual, there is no detraction from the common nucleus of liability facts.

## X.     NCWHA CLASS ACTION ALLEGATIONS

48.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

49.     Plaintiff files this action individually and on behalf of the NCWHA Class as defined above.

50.     Defendant's practice and policy of not paying overtime affects Plaintiff and the NCWHA Class members and is a willful violation of the NCWHA.

51.     NCWHA Class members are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

52.     Defendant's failure to pay overtime as required by the NCWHA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the NCWHA Class members are similarly situated employees.

53.     The specific job titles or precise job requirements of the NCWHA Class members do not prevent class certification under the NCWHA. All similarly situated employees, regardless of their precise job requirements or rates of pay, are entitled to be paid overtime for all hours worked over 40 in a workweek. Although the issue of damages may be individual, there is no detraction from the common nucleus of liability facts.

7

54. Plaintiff shares the same interests as the NCWHA Class and will be entitled under the NCHWA to unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and lost interest owed to them under nearly identical factual and legal standards as the NCWHA Class.

55. Plaintiff's state law class claims satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of a class action under Fed. R. Civ. P. 23.

56. The NCWHA Class meets the numerosity requirement of Rule 23(a)(1) because Defendant has employed numerous hourly workers over the class period who were denied overtime. The precise number of NCWHA Class members should be readily available from a review of Defendant's personnel, scheduling, time, payroll, and billing records.

57. The NCWHA Class meets the commonality requirement of Rule 23(a)(2) because Defendant engaged in a common course of conduct that violated the legal rights of Plaintiff and the NCWHA Class. Any individual questions that Plaintiff's claims present will be far less central to this litigation than the numerous material questions of law and fact common to the NCWHA Class, including, but not limited to:

    a. Whether Defendant maintained common policies or practices that denied Plaintiff and NCWHA Class members overtime;

    b. In the event the FLSA does not apply, whether Defendant violated the NCWHA by not paying Plaintiff and the NCWHA Class members overtime wages;

    c. Whether Defendant's conduct was willful; and

    d. Whether Defendant should be required to pay compensatory damages, liquidated damages, attorneys' fees and costs, and interest for violating North Carolina state law.

58. The NCWHA Class meets the typicality requirement of Rule 23(a)(3) because Plaintiff and the NCWHA Class members were all employed by Defendant and performed their

job duties without receiving entitled compensation owed for that work.

59.     The NCWHA Class meets the fair and adequate protection requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiff and the NCWHA Class members, and because Plaintiff's attorneys have successfully prosecuted many complex class actions, including wage and hour and collective actions, and will adequately represent the interest of Plaintiff and the NCWHA Class members.

60.     The NCWHA Class meets the predominance requirement of Rule 23(b)(3) because issues common to the NCWHA Class predominate over any questions affecting only individual members, including, but not limited to, whether Defendant calculated the NCWHA Class members' compensation under the same formula in the same way.

61.     The NCWHA Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

62.     Given the material similarity of the NCWHA Class members' claims, even if each NCWHA Class member could afford to litigate a separate claim, this Court should not countenance or require the filings of numerous identical actions. Individual litigation of the legal and factual issues raised by Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a class action would permit the efficient supervision of the NCWHA Class's claims, create significant economies of scale for the Court and parties, and result in a binding, uniform adjudication on all issues.

**RELIEF SOUGHT**

**WHEREFORE**, Plaintiff, individually, and on behalf of all others similarly situated, prays for judgment in his favor and against Defendant as follows:

1.      For an Order recognizing this proceeding as a collective action under §216(b) of the FLSA and ordering notice to the collective members as soon as practicable to ensure that the collective members' claims are not lost to the FLSA statute of limitations;

2.      For Judgement finding Defendant is liable for unpaid overtime wages due and owing to Plaintiff and the FLSA Collective members and for liquidated damages equal in amount to the unpaid compensation;

3.      For an award of costs of this action as provided under the FLSA;

4.      For an award of attorneys' fees as provided under the FLSA;

5.      For an award of pre- and post-judgment interest; and

6.      For any and all other and further relief as may be necessary and appropriate.

**WHEREFORE**, Plaintiff, individually, and on behalf of all others similarly situated, further prays for judgment in his favor and against Defendant as follows:

1.      For an Order certifying this action as a class action under the NCWHA and designating Plaintiff as class representative and undersigned as class counsel on behalf of the class;

2.      For Judgement finding Defendant is liable for unpaid overtime wages due and owing to Plaintiff and the NCWHA Class members, and for liquidated damages equal in amount to the unpaid compensation under the NCWHA;

3.      For an award of costs of this action as provided under the NCWHA;

4.      For an award of attorneys' fees as provided under the NCWHA;

5.      For an award of pre- and post-judgment interest; and

6.    For any and all other and further relief as may be necessary and appropriate.


## JURY DEMAND


Plaintiff demands a trial by jury.


Respectfully Submitted:


By: /s/ Brian L. Kinsley
        Brian L. Kinsley (N.C. Bar Roll No. 38683)
        blkinsley@crumleyroberts.com
        CRUMLEY ROBERTS, LLP
        2400 Freeman Mill Road, Suite 200
        Greensboro, NC 27406
        Telephone: 336-333-9899
        Facsimile: 336-333-9894

        -and-

        Philip Bohrer (to be admitted pro hac vice)
        *phil@bohrerbrady.com*
        Scott E. Brady (to be admitted pro hac vice)
        *scott@bohrerbrady.com*
        BOHRER BRADY, LLC
        8712 Jefferson Highway, Suite B
        Baton Rouge, Louisiana 70809
        Telephone: (225) 925-5297
        Facsimile: (225) 231-7000

        **Attorneys for Plaintiff**

11